24-3054. Judge Moritz, and may it please the Court, my name is Dan Hansmeyer, I'm with the Kansas Federal Defender's Office, and I'm here on behalf of the appellant, Richard Ruston. So we've asked this Court to vacate some language in a search condition involving computers and electronic devices. We've done that for three independent reasons. Before I get into those reasons, I do want to sort of maybe put this in context why we think this issue is important. So where I'm at in Kansas City, you know, this is supposed to be a special condition, so last February we started tracking our PSRs to see how often this comes up, and I just wanted to tell you what I found, that of the 48 PSRs that we reviewed, 34 had this condition, so that's around 71% of the PSRs are including this search condition, which I think is kind of high when you consider that it's only supposed to be a special condition. Of those, 34, I think five were sex offenders, which this condition does apply to sex offenders according to the statute. So that's still around 68% a number. So this case is important, at least where I'm at, because this is a condition that is imposed pretty much all the time. Okay, so with that, we have two arguments under Section 3583 D1 and one argument under Section 3583 D2. Just to the arguments on Section 3583 D1, we are relying on earlier settled precedent and the statute's plain text to argue that this condition, this specific language authorizing computer searches should be stricken because it is not reasonably related to the nature and circumstances of the bank robbery offense. I mean, I feel like we went pretty hard at this in the briefs. I'm not sure how much I want to regurgitate. Bottom line is that the statute includes a conjunctive and to, you know, conjoin the four factors. I mean, I don't think there's any way to read that other than that it is a conjunctive and to the extent that there's prior precedent sort of rewriting the statute from an and to an or, we would just ask you to ignore it because there's earlier settled precedent that does not do that. So that's essentially... Counsel, is Han, the Han case, one of those cases that you're referring to? That's not one of the cases that I'm relying on now. Does that case help the government here? Han? I don't, I don't know about Han to the government site. I did not, that's not a case that I'm familiar with at this point. Is Han the, I think I do know what Han is, but I don't remember it being at issue here. Okay. So Han comes after, obviously, the precedent we're relying on, and Han comes after Barajas too, so I'm not sure what you get out of that case. No, that's fine, let's just proceed. Okay, okay, sorry. So that argument, I think, is about as straightforward as it can get. You know, I mean, we went through in the briefs how various canons of statutory construction support our argument and how these cases, especially in the reply brief, I went through all four of these cases and explained how these 20th century cases, how, you know, the fact that the condition had to be reasonably related to the nature and circumstances of the offense was, was at issue, was dispositive, it was part of the holding. Only Barajas raised the issue, though, distinctly, where the issue was almost exactly worded as you worded here. We decided that issue. I understand there's language in some other cases that may seem inconsistent, but I didn't see, and you discussed many cases pre and post Barajas, and I didn't see a single one where the issue was squarely raised as it was in Barajas. So I'm not, so I think when you look at the other cases, you will see that defendants in those cases made the exact same argument that the defendant in Barajas made. I mean, when you read the opinions, they say, you know, the defendant in this case is challenging the condition because it is not related to the offense of conviction. I mean, that, that, that was the argument that... Well, I think they used that language because that's the statutory language. Yeah. No one really broke it down or asked, I didn't see that anyone asked us to break it down as you are. Well, so I don't really think that that was, happened in Barajas. Barajas. I think Barajas just did it. That's my take on Barajas. I mean, my take on Barajas was that it came to this court in the same procedural posture as every other case where a defendant is saying, this isn't reasonably related to the offense of conviction. In the prior cases, this court took the issue head on and decided whether it was or it wasn't or whether it needed to be remanded for factual findings on that issue. And then Barajas comes up and I think that it just sort of happened that the court decided to go, to go on its own path and sort of change that in to an or. Well, it seems like that was exactly what Barajas was about. We specifically said, defendant complains only that the two conditions imposed here are not reasonably related to the first list of factors, the nature and circumstances of the offense and the history and characteristics of the defendant. I mean, I'm not arguing. In fact, he focuses only on the first portion of that factor, the nature and circumstances. Oh, absolutely. No, I'm not, I'm not arguing with that at all. And I don't know how it could get more specific, but. I guess my point is that when you read the other cases, that's exactly what, I mean, I guess I could pull up the language and quote it, but. I don't see language quite like that, I guess, but. Okay. Well, I think if you go back and look at those cases. Okay. Is there one in particular? So I think Enzminger is a good one. Let me see if I can find. Yeah, so here is Enzminger. We're on page 1147. Finally, Enzminger challenges the imposition of special conditions of supervised release relating to financial disclosures and restrictions. He contends that the conditions are not reasonably related to the crime of conviction. Full stop. That is the exact same argument that was made in Barajas. And instead of saying, you know, what the court said in Barajas, the court in Enzminger said, well, it is related, so you lose. Well, again, we just quoted the statutory language there. And we didn't define the issue as we did in Barajas. We didn't say whether it would be appropriate even if it wasn't reasonably related. We just listed it. I think there is a distinction there. I mean, I don't know why there would be because, I mean, the statute is the statute. I mean, if prior cases are giving a play text interpretation of the statute. Because nobody asked us to break it down like that. That's what I'm saying. I mean, we use this language, but nobody, except for in Barajas and you right now, I don't see that anyone asked us to break that language down in the way that you are. Yeah, I mean, I guess I don't want to go around in circles on this. Yeah, I understand. It is what it is. I do think that those cases, there is really no way to read those cases without the premise of those cases being it has to be reasonably related or those four cases we talked about don't make sense if the condition doesn't have to be reasonably related. But I can pivot to our second D1 argument. And I just want to be real, this is a very, I don't know, also clean argument, I think. We're relying on page 29 and 30 of our brief. There are a series of cases from this court that essentially talk about how these conditions can't just be imposed based on, you know, some random thing in a person's past. And we think this case falls within that line of precedent. Because you're talking about one Facebook communication on one, at one point, nobody even knows what it's about. Well, we know it's about a stolen vehicle. Some woman steals a vehicle and asks Russin if he wants to buy it. And it's just so minuscule to think that it's going to justify this computer search condition. And, I mean, that's basically the argument. And I think it flows naturally from the cases we've cited on pages 29 and 30. So I think you could easily just say, putting aside our first argument, this just isn't enough. You just can't pick one line out of a PSR and include something like this. There has to be more. If you don't buy that... Can I just jump in? I was interested in your starting comment about your review of the PSRs and that this condition is being routinely included. Have there been any cases that have vacated a computer search condition like this one? I know you've got cases you're citing for your argument, but have you seen any cases when it's been a computer search condition along the lines of this one? Well, certainly, I don't think this court has done it. Whether some other court of appeals has done it, I assume if I would have found that case, it would be in the briefing. So I'm not... I assume if you found it, it would be. Yeah. I'm asking you anyway. Yeah. So, I mean, I guess standing here right now, I'm not aware of a case. Yeah. But, again, I mean, I'm not sure. Typically, when these search conditions are challenged, they are challenged. Like, the entirety of the search condition is challenged. I'm not aware of anyone who's challenged specific language within a search condition like we're doing here. I don't know if that's helpful. But I will... So just to pivot to our 3583D2 issue. So just to be clear on this, the district court's justification for the condition had to do with monitoring Rustin's communications based on this one Facebook communication. And we've explained that under 3583D2, this condition should not... can't involve greater deprivation of liberty than is necessary. So our bottom line point, when you get to 3583D2, even if you make it past D1, this condition could have been written more narrowly. It just could have. I don't... I mean, the government's response on this is non-responsive. I don't know that the government understood the argument. But I didn't get anything from the government on my actual argument that this condition could have been written narrowly. How would you suggest that it be written? I'm not saying you're wrong. I just wonder what you might suggest. So I think if the district court's concern is with Rustin's electronic communications, then the condition should authorize searches of his electronic communications. Not the entire device. Not all of his computers. It needs to be more specific. So even if we are losing on everything else, I do think that specific point is well established in this court's precedence. There are several cases that we've cited in our briefs where this court has said that this condition could have been written more narrowly and remanded for the district court to write a more narrow condition, a narrower condition. And with that, I will reserve the remainder of my time. Thank you. Thanks. Good morning, Your Honors. Again, James Brown for the United States. May it please the Court. Your Honor, we're asking this Court to affirm the district court's special condition under an abuse of discretion standard. The district court did not abuse its discretion in any way, shape, or form in imposing this condition. First of all, with respect to Defendant's first argument, the condition had to be reasonably related to the nature and circumstances of his offense. Barajas squarely forecloses that argument. The district court did not abuse its discretion by following what this court said in Barajas, and following what this court said in the Mike case, and in following what this court has said in repeated cases, affirming and reaffirming what this court said in Barajas about 3583 D1. The court could not have abused its discretion in just following the laws set down by this court. As Judge Moritz has already pointed out, no pre-Barajas case that we've been able to find held that a special condition must be reasonably related to every factor referenced in 3583 D1, because those cases did not squarely consider that question of the language that the defendant cites in the pre-Barajas cases as basically reciting the statute, but did not reach the issue that was reached in Barajas. Barajas remains binding precedent of this court. It's not been overruled by this court, and its rationale has not been undermined by any Supreme Court case. So we think that resolves the first point the defendant makes under 3583 D1. The defendant's second point is whether the condition reasonably relates to any other factors of the 3553A factors referenced in 3583 D2. The district court found that they related to the nature and circumstances, excuse me, not the nature and circumstances of the offense, but its history and characteristics and the need for deterrence and the need for correctional intervention. We don't think that that finding is an abuse of discretion. The defendant used Facebook to communicate with somebody who had stolen a car, to buy that car that he knew was stolen after he committed this offense, that directly relates to its history and characteristics. And intervening in his communications, which can obviously be contained in his electronic devices, is a way to foreclose or prevent that or deter that from happening in the future. Why couldn't this be more, couldn't it be more fine-tuned? Why isn't this a deprivation of liberty greater than necessary here in terms of what counsel suggested was that they could perhaps have access to his electronic communications, which is exactly what we're talking about with a single Facebook post on one occasion. We're talking about his electronic communications. We're not talking about stored data of any kind. Why do they need access to his entire computer when this is the only basis we're seeing for this? Well, Your Honor, we think that the condition is sufficiently restrained or it does not involve a greater deprivation of liberty than necessary because the court, the probation officer needs a reasonable suspicion that the defendant violated the condition. The court, the probation officer has to... They need a reasonable suspicion, but then they can look through his entire computer, his entire device. Well, they need reasonable suspicion that the areas to be searched contain evidence of the violation and the search must be conducted at a reasonable time and in a reasonable manner. So we think that there is no greater deprivation than necessary. So you're saying that they couldn't, if the suspicion was that he had, you know, had a social media communication of some sort, that in looking at his devices, they wouldn't be able to search beyond his social media communication? They need to have reasonable suspicion that the areas to be searched contain evidence of the violation. In this case, the area to be searched, isn't it the entire device? Isn't this how it's worded? Well, an area... I mean, without the condition itself being limited, I don't know how they would be limited. Well, you know, the court's point is well taken, but I think the way that the condition is written, the probation officer can search the defendant's computers and other electronic devices based on reasonable times, based on reasonable suspicion at reasonable times and in a reasonable manner. The computer, the device, the entire device. Right, right, right. For whatever. Right. There's no restriction there. I certainly wouldn't read it that way. Well... If I were the probation officer, they could certainly read it to be... Okay, let's say, let's say that they have information that he used a Facebook account or used one of his devices to communicate with somebody else about robbing a bank, which is what he did here. And let's say the defendant deleted the communication, but that communication appears somewhere else in his computer, say on the cloud or say in some file somewhere. How else are we going to get that communication unless we look at, you know, the entire device? And that's where the reasonable suspicion part comes in. You have to have reasonable suspicion that he did something that warrants the probation officer looking at his devices. So we think that, you know, you have to have a balance between, you have to have an effective condition. You can't just say, we're going to limit ourselves to searching for this communication without being able to look in areas of the computer where the communication may be found. That would make the condition ineligible. And everything else while you're at it. But we have to keep in mind that the defendant does have a reduced expectation of privacy because he's a parolee, and that this condition does not invade a fundamental liberty interest either. So, you know, we're just balancing the fact that he is a probationer subject to conditions by the court, and he doesn't have exactly the same rights as everybody else, but he does have rights, and those rights are still being respected, and his liberty is not being unduly deprived. But the condition has to be effective and has to be able to be carried out in an effective manner. Otherwise, it's basically a nullity. Mr. Roy, you're saying that the reason he can, the probation officer can search the entire device is because if they have reason to suspect that he's using a computer for child porn, that child porn could be embedded in almost any subject line or part of that computer. Is that your argument? That's one way of looking at it. Let's say he was communicating with other people online and distributing child porn through, you know, one of these peer-to-peer networks. Well, we have to assume that the probation officer suspects that. Some confidential informer or something said it's happened, so they've got a reason then to invoke this. Probation officer has to have reasonable suspicion that he's using the computer to commit crimes, basically, yes. Well, it's the condition itself that has to be reasonably related to his history and characteristics. And the problem that we have here is there's just not very much there about his history and characteristics other than one social media communication. So that's, I mean, you're going past the real issue here, which is this particular condition, this special condition, and whether it's even reasonably related to this really broad, really broad, special condition that apparently is being used fairly regularly more as a standard condition, it sounds like. Well, we would disagree with the defendant's characterization that this communication was just a one-off. It was really completely de minimis. The defendant basically obtained or used the internet or used Facebook to get control of a car that he knew was stolen. He used that to commit a crime. So we can't really say that, oh, this was really nothing. It's just a one-off. It doesn't really make any difference. And what's behind it doesn't justify this. I didn't say it was nothing. I just said it was reasonably related to the history and  I just, you know, history and characteristics might by itself imply something more than a single communication, you know. Okay. I'm just asking that, I guess. Let me go at it this way. His history and characteristics shows that he uses electronic communications to either commit crimes or help other people commit crimes. That's part of his history and characteristics. And even if he does it just one time that we know about, that doesn't mean it's of any less importance than if he had done it three or four or five or six or ten times. He still used it to commit a crime. That's a big thing in our view. Yeah. If this is being used, do you disagree with this? I mean, and I understand this is outside the record, but what Mr. Hansmeier said about kind of the percentage of cases in which you're using these special conditions. Do we disagree with his statistics? Yeah. We trust that he's looked at his statistics. I mean, is it in most of the cases? You know, it's really not something. A special condition is appearing. It's not really something that I've personally been focused on. And this is the first time I've really seen this appear as an issue in my sort of appellate world. So if he says that's what the cases show, I have no reason to question that. But it hasn't been popping up as an issue in our office. And I work in the Topeka office. But, you know, maybe it will in the future. Counsel, could I just, on this issue of no greater deprivation than necessary and the scope of the special condition, I've been wondering about what is meant by other electronic devices. We usually just think of laptops or cell phones or that sort of thing, but there are a lot of electronic devices that collect data that wouldn't really fit into those categories. So it seems like the special condition is quite broad by using that term. Why doesn't that give us some concern about whether the deprivation is no greater than reasonably necessary, given that it's so open-ended and in this day and age there are a lot of electronic devices that collect a lot of information? Well, Your Honor, we of course agree that there are a lot of electronic devices that collect a lot of information. But we think that the fact that any one of those devices could be used to further a crime or promote a crime or commit a crime, then we need to be able to search those devices in order to adequately supervise this probationer. And we don't think the condition, just because it has lots of devices, doesn't mean that it's overbroad. If those devices can contain a communication, there's no other way to effectively have this condition of supervision without including all devices. Does it have to be a communication? Is it just a communication? Could it be monitoring equipment, health information? There's just all kinds of... Is it just communications? It sounds like what's implicit in your response is all this is tethered to the reasonable suspicion aspect of the condition. Is that fair? That's fair, Your Honor. If we have reasonable suspicion that he's committing a crime by using his devices or communicating with his devices, then we need to be able to search any device that could contain a communication that is used to commit or promote a  If we can't search all the devices, then that means the defendant can use an excluded device to commit or promote a crime, and that would make the condition basically ineffective and essentially a nullity. I was troubled by that argument, but now I've come back and looked at the actual special condition. It actually goes further than what people have been saying. The condition says an officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of supervision. That's what we've been talking about. But the condition goes further. It says and that the areas to be searched, you have reasonable suspicion that the areas to be searched contain evidence of this violation. So I don't think it is a special condition that you can search electronic stuff for everything. I think it is authority that you can search electronic devices, but that the areas in those devices that you search, you have to believe that they contain evidence of this violation that they made. Is that right or wrong? I think that's correct, Your Honor. And that's one reason why we don't think it is, it provides greater deprivation than reasonably necessary to effectuate the condition. So it is more narrow because of that. That clause somehow got dropped out of our conversation. Well, Your Honor, I did mention the clause when I was interacting with Judge Moritz. I did mention that we need a reasonable suspicion for the particular areas searched. If I wasn't clear, I do apologize for not being clear with the court. I guess I just understood then from the questioning that you were suggesting that there wouldn't be a restriction because if someone had deleted a communication and they needed to go in further or, you know, if they were searching for somebody, something, and they couldn't find it, they might just need to go. Well, we would still need a reasonable suspicion that it, for example, that's obviously a very low bar, that it could be somewhere in the area to be searched. So, seeing my time is up, I'd ask the court to affirm. Thank you. Thank you, counsel. Mr. Hansmeier. So the reasonable suspicion language and the language that you're quoting, Judge Ebel, that's a red herring in this case. I mean, that exists and that is going to define the scope of the search that is authorized. The question in this case is what is the initial scope that is authorized by the facts of this case? So what I'm saying is that the judge's concern in the district court was with Rustin's electronic communications, full stop, just one communication. It had nothing to do with the entirety of his computer or his electronic, the things stored on it. And so when you look at the statute, what the statute requires is that condition be tailored to, you know, the justification for that condition. So, yes, there is these, you know, reasonable suspicion and the other things that narrow the scope of the search, but at the front end, the question is what reasonable suspicion searches are authorized to begin with? And that's where we're at. I don't know if that makes sense, but essentially the statute requires that condition to be narrowly tailored on the front end. I understand. It's just somehow the arguments kind of got morphed like a telephone rumor that gets passed through a bunch of people. All of a sudden, all of us were kind of on a, maybe had gone a little bit further than your argument was advancing. I understand your other argument completely. Okay. Yeah. So, I mean, I'm not, I'm really not going any farther. I think we're all back on target. We understand. Okay. You're saying that there's the one conversation about a receipt of a stolen car is not enough at all to include a computer search. It doesn't show the computer was sufficiently embedded in anything that he did or any reason to be suspicious in the future. I understand that. But you're also suggesting that it could have been more narrowly tailored. Exactly. Yes. I mean, if you don't agree with me on D1, which I think you should, but if you don't, I mean I think there are serious D2 problems here that the government can't get around just by pointing to the reasonable suspicion. Well, how would you narrowly tailor it? How would you propose that the court would say, you lose on the narrowly tailored argument and this is the way it should be narrowly tailored. What could be done? So it would focus on electronic communications. So if there are, if there's reasonable suspicion, then the electronic communications can be searched. That's the narrow tailor. But then that escapes anything that pictures that he's stored on there, pornographic pictures, for example, that weren't intended to be communications with anybody. That wouldn't include any of that stuff. That's what he was doing. He wasn't communicating this or trying to sell it on the market or anything. So this isn't a child pornography case, by the way. This is just a bank robbery case. Oh, I'm sorry. I was thinking about the other case. You're right. Yeah, this guy isn't a child pornographer. Yeah, you're right. Yeah, so it is. I lost my train of thought. I'm out of time. But we're on the same page. It took both of us a little bit of a journey to get there, but we're there. Okay. Okay. Thank you. Thank you, counsel. Your arguments have been very helpful. And the case will be submitted and counsel are excused.